638 S.E.2d 54

**In the Matter of Rosalyn Kimberly GRIGSBY, Respondent.**

**No. 26226.**

Supreme Court of South Carolina.

Submitted Oct. 2, 2006.

Decided Nov. 20, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Paulette Edwards, of Law Office of Paulette Edwards, P.A., of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed two (2) years. *See* Rule 7(b), RLDE, Rule 413, SCACR. She requests the suspension be made retroactive to the date of her interim suspension.[1] We accept the Agreement and impose a definite suspension of two years, retroactive to the date of respondent's interim suspension. The facts, as set forth in the Agreement, are as follows.

*FACTS*

*Matter I*

Complainant A consulted with respondent about handling a domestic matter. Complainant A provided several documents to respondent and paid a retainer. After approximately three months, respondent had not made any progress on the case.

---

1. Respondent was placed on interim suspension on June 29, 2004. *In the Matter of Grigsby*, 360 S.C. 48, 599 S.E.2d 455 (2004).

Respondent eventually referred Complainant A to another attorney and refunded a portion of the retainer.

During the course of the investigation, ODC assigned this matter to an Attorney to Assist (ATA). Respondent failed to timely respond to the ATA's request to schedule a meeting to address the allegations. In addition, respondent failed to follow through on her promise to the ATA to provide certain documents which could corroborate her version of the events relevant to the investigation.

## Matter II

Complainant B retained respondent to handle a child custody action. Respondent failed to effectively explain the scope of her representation to Complainant B, which prevented Complainant B from making an informed decision about her case. In addition, respondent made several comments about Complainant B which Complainant B found to be demeaning and unprofessional.

## Matter III

Complainant C retained respondent to handle a child support matter. Respondent failed to respond to several of Complainant C's telephone messages in a timely manner. Complainant C became frustrated with respondent's failure to prepare and file pleadings to address her concerns. Respondent admits that some of Complainant C's concerns could have been alleviated had respondent more effectively explained the litigation process and procedures.

## Matter IV

In October 2003, Complainant D retained respondent to handle a modification of child support and visitation. Subsequent to the initial consultation and two brief telephone conversations, Complainant D was unable to communicate with respondent. Complainant D left numerous telephone messages for respondent seeking an update on the status of her case and received no response. In addition, Complainant D mailed two certified letters to respondent, both of which were returned without response.

When Complainant D telephoned respondent's office in December 2003, she learned the office telephone number had been disconnected. Respondent had not provided any updated contact information. Complainant D subsequently discovered respondent had failed to file the pleadings and that little to no progress had been made with her case.

## Matter V

Complainant C filed an application for relief with the Resolution of Fee Disputes Board (the Board). The Board assigned Maren Sherman, Esquire, to investigate the claim. Ms. Sherman attempted to communicate with respondent on numerous occasions, leaving several telephone messages for respondent. Respondent failed to respond to any of the messages. Thereafter, on March 29, 2004, the Board issued its ruling, ordering respondent to return $650.00 to Complainant C. Respondent failed to comply with the ruling or to respond in any manner. The Board issued a Certificate of Noncompliance on May 20, 2004, for respondent's continued failure to comply with its ruling.

Complainant D also filed an application for relief with the Board. The Board issued its ruling that respondent should return $1,000.00 to Complainant D. The Board sent notice of its ruling to respondent's official address. Respondent failed to comply with the ruling or respond in any manner. On September 10, 2004, the Board issued a Certificate of Noncompliance due to respondent's continued failure to comply with the ruling of the Board. After respondent relocated out-of-state, she failed to officially notify and provide the South Carolina Bar with her new contact information.

## Matter VI

Complainant E retained respondent to handle a worker's compensation case. Complainant E's claim was denied after a hearing in May 2003, however, Complainant E still had legal remedies available. On numerous occasions, Complainant E attempted to communicate with respondent about the options for her case. Respondent failed to respond to Complainant E's messages. Complainant E discovered respondent's office telephone number had been disconnected and that her office

had been vacated. Respondent withdrew from representation without ensuring that Complainant E was aware of the circumstances and that adequate provisions had been made to protect Complainant E's interests.

## Matter VII

Complainant F retained respondent to handle a child custody/visitation matter. Shortly after being retained, respondent verbally informed Complainant F that she would be moving out of state, but she assured Complainant F that she would remain on the case until completion. Respondent appeared with Complainant F at one hearing, although communication after the hearing quickly deteriorated.

Respondent relocated out of state. Respondent failed to provide Complainant F with her current address and telephone number.

Complainant F believed respondent was continuing to work on the case but, without Complainant F's knowledge or consent, respondent had forwarded Complainant F's case file to another attorney. Respondent failed to take the necessary actions to withdraw from the representation in order to protect Complainant F's interests.

Complainant F learned of the date and time for an upcoming hearing from opposing counsel. Respondent later telephoned Complainant F and apologized for failing to inform her of the hearing date.

On or about June 28, 2004, respondent spoke with Complainant F and, once again, gave her false assurances that she would be able to handle the case through to its completion. At the time of this conversation, respondent knew that an order placing her on interim suspension had been or would be issued shortly. Respondent failed to promptly notify Complainant F, as well as several other clients, as required by Rule 30, RLDE, Rule 413, SCACR, that she had been suspended from the practice of law. In addition, she failed to formally withdraw from representation of Complainant F after the suspension as provided by Rule 30, RLDE.

## LAW

Respondent admits that her misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1)

(lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(10) (lawyer shall not willfully fail to comply with a final decision of the Resolution of Fee Disputes Board). In addition, respondent admits she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.2 (lawyer shall consult with client about objectives of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter, promptly comply with reasonable requests for information, and explain matter to extent reasonably necessary to permit client to make informed decisions regarding the representation); Rule 1.15 (lawyer shall safe keep client property); Rule 1.16 (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect client's interests, including reasonable notice to client and refunding of unearned advance payment fee); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 8.1 (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); and Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of two years, retroactive to the date of respondent's interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.